Opinion issued May 3, 2007









 









In The

Court of Appeals

For The

First District of Texas






NO. 01-04-00228-CV






IRVING W. MARKS, Appellant


V.


ST. LUKE'S EPISCOPAL HOSPITAL, Appellee






On Appeal from the 215th District Court

Harris County, Texas

Trial Court Cause No. 2002-14353






OPINION CONCURRING IN PART AND DISSENTING IN PART

 I agree with this Court's judgment to the extent that it affirms the trial court's
order dismissing the actual health care liability claims of appellant, Irving W. Marks,
against appellee, St. Luke's Episcopal Hospital. However, the majority errs in
concluding that Marks, in his Original Petition, asserted only "a departure from
accepted safety standards . . . [which is] a health care liability claim" and in conflating
his separate premises liability claim with his health care liability claims. It then errs
in affirming the trial court's order dismissing Marks's suit in its entirety by
misinterpreting the Texas Supreme Court's opinion in Diversicare General Partner,
Inc. v. Rubio, 185 S.W.3d 842 (Tex. 2005). 

 In his Original Petition, Marks alleged, among other things, that, 

 9. At the time of his fall, Mr. Marks was getting up from his hospital
bed in the middle of the night, and Mr. Marks was in an upright
position sitting at or near the foot of his hospital bed. Mr. Marks
placed his hand on the hospital bed's footboard to push himself
up to a standing position. As he was pushing himself up, the
hospital bed's footboard fell off causing Mr. Marks to fall to the
floor. 


 10. Mr. Marks suffered severe personal injuries as a result of the fall. 


 . . . .


 12. Defendant, by and through its agents and/or employees, was
negligent in the conduct described above. Defendant, by and
through its agents and/or employees, breached the duty of
ordinary care owed to Mr. Marks including but not limited to the
following particulars:


 . . . .


 d. By providing Mr. Marks with a hospital bed that had
been negligently attached and assembled by the
Defendant's employee's agents, servants or nursing
staff.


In his Second Amended Petition, Marks more clearly asserts his claim for
"PREMISES LIABILITY," alleging specifically, among other things, that,

 24. Mr. Marks's dislocated shoulder and injuries to his knee, neck
and head were brought about as a result of his hospital bed's
dangerous condition. In particular, the bed's dangerous condition
can be attributed to its unstable, broken and/or defective
footboard and the improper use or absence of its bed rails. This
condition imposed an unreasonable risk of harm. 


 25. St. Luke's breached its duty owed to Mr. Marks including but not
limited to the following particulars:


 a. Failing to keep Mr. Marks's hospital bed in a
reasonably safe condition; and


 b. Failing to adequately warn Mr. Marks of and protect
Mr. Marks from the dangerous condition of his bed.


 In regard to the instant case, the Medical Liability and Insurance Improvement
Act defined a "health care liability claim" as,

 a cause of action against a health care provider or physician for
treatment, lack of treatment, or other claimed departure from accepted
standards of medical care or health care or safety which proximately
results in injury to or death of the patient, whether the patient's claim or
cause of action sounds in tort or contract. 


Act of May 30, 1977, 65th Leg., R.S., ch. 817, § 1.03(a)(4), 1977 Tex. Gen. Laws
2039, 2041, repealed by Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003
Tex. Gen. Laws 847, 884 ("Former Tex. Rev. Civ. Stat. art. 4590i, § 1.03(a)(4)")
(emphasis added). 

 In Diversicare, Rubio, a nursing home resident, brought an action, by her
daughter and next friend, against the corporate owner of a nursing home, seeking
recovery on theories of negligent supervision and failure to provide nursing services,
breach of implied covenant to provide reasonably safe premises, and fraudulent
inducement for injuries resulting from sexual abuse and sexual assault by another
resident. 185 S.W.3d at 845. The supreme court concluded that Rubio's causes of
action were actually claims for breaches of the standard of care for a health care
provider "because the supervision of Rubio and the patient who assaulted her and the
protection of Rubio [were] inseparable from the health care and nursing services
provided to her." Id. at 849 (emphasis added). 

 Here, the majority concludes that Marks's claims "are similar to Rubio's." 
Although Marks made allegations and claims that fall within the definition of a health
care liability claim, he also presented a separate premises liability claim. Marks's
initial claim that his "hospital bed . . . had been negligently attached and assembled
by [St. Luke's] employee's agents, servants or nursing staff" simply had nothing to
do with a claim for "treatment, lack of treatment, or other claimed departure from
accepted standards of medical care or health care or safety." See Former Tex. Rev.
Civ. Stat. art. 4590i, § 1.03(a)(4). Nor does his subsequent claim about the bed's
"dangerous condition." 

 In fact, the majority of the supreme court, in response to the concurring and
dissenting opinions in Diversicare, made it clear that,

 There may be circumstances that give rise to premises liability claims in
a healthcare setting that may not be properly classified as health care
liability claims, but those circumstances are not present here.


185 S.W.3d at 854. The majority emphasized that Rubio's claims implicated "more
than inadequate security or negligent maintenance." Id. It explained, 

 Rubio is not complaining about an unlocked window that gave an
intruder access to the facility or a rickety staircase that gave way under
her weight. All of her claims arise from acts or omissions that are
inseparable from the provision of health care.


Id. (emphasis added). The "gravamen of Rubio's complaint [was] the alleged failure
of Diversicare to implement adequate policies to care for, supervise, and protect its
residents who require special, medical care." Id. 

 Here, Marks is actually complaining of the hospital bed's footboard that gave
way under his weight. In this regard, he is not making a claim for "treatment, lack of
treatment, or other claimed departure from accepted standards of medical care or
health care or safety." Unlike the claims made by Rubio in Diversicare, Marks's
claim about the hospital bed implicates negligent maintenance, not health care. He
is not fracturing or recasting a statutorily defined health care liability claim into a
premises liability claim. Like an "unlocked window" or a "rickety staircase," the
hospital bed in this case constituted "a dangerous condition," and Marks's premises
liability claim is in fact separate from St. Luke's provision of health care. As such,
Marks's allegations reveal a circumstance that gives rise to a premises liability claim
in a healthcare setting that may not be properly classified as a health care liability
claim. See id. at 854. 

 In concluding otherwise, the majority of this court errs. Accordingly, I would
reverse the trial court's order in regard to Mark's premises liability claim. I would
affirm the trial court's order only to the extent that it dismissed the actual health care
liability claims of Marks. 


 

 Terry Jennings

 Justice


Panel consists of Justices Nuchia, Jennings, and Alcala. 


Justice Jennings, concurring in part and dissenting in part.